Case 1:19-cv-00078   Document 23   Filed on 02/24/20 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS GARCIA TORRES, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:19-cv-78 | |
| § | | |
| LORIE DAVIS, § | | |
|     Respondent. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 20, 2019, Petitioner Jesus Garcia Torres filed a petition for a writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254. Dkt. No. 1.

On September 16, 2019, Respondent Lorie Davis ("the State") timely filed a response to the petition. Dkt. No. 19.

After reviewing the record and the relevant case law, it is recommended that Garcia Torres's petition be denied as untimely filed and substantively meritless.

### I. Background

#### A. Factual Background

On October 7, 2015, a state grand jury, sitting in Texas, indicted Garcia Torres for two counts of sexual assault of a child and one count of indecency with a child involving sexual contact. Dkt. No. 17-1, p. 4.

On March 21, 2016, Garcia Torres entered into a plea agreement with the State. Dkt. No. 17-1, pp. 10-14. Garcia Torres agreed to plead guilty to indecency with a child by sexual contact and to serve 14 years in the Texas Department of Corrections. Id., p. 12. The State agreed to dismiss the remaining counts of sexual assault of a child. Id.

On that same day, Garcia Torres was sentenced to 14 years of incarceration, in accordance with the plea agreement. Dkt. No. 17-1, p. 5.

No direct appeal was ever filed. Accordingly, the conviction became final on April 20, 2016, when the period to file a direct appeal expired. TEX. R. APP. PROC. 26.2; Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000).

### B. State Habeas Petition

On January 29, 2019, Garcia Torres filed an application for writ of habeas corpus in the Court of Criminal Appeals. Dkt. No. 17-1, p. 26. In that application, he made several claims, which the Court restates as follows: (1) the State denied him a polygraph test, which "would have allowed the State to investigate the alleged crime"; (2) his court-appointed attorney failed to fully investigate the case; and (3) his attorney advised him to plead guilty, despite his factual innocence. Id., pp. 26-50.

On April 17, 2019, the Court of Criminal Appeals denied Garcia Torres's application "without written order." Dkt. No. 17-3, p. 71. The denial indicated that the Court of Criminal Appeals rejected the petition on substantive grounds, rather than on procedural grounds. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (indicating that a "denial" signifies adjudication on the merits, while "dismissal" reflects a claim declined on grounds other than upon the merits).

### C. Federal Habeas Proceedings

On May 20, 2019, Garcia Torres filed his petition in the instant case. Dkt. No. 1. That petition merely listed various claims: inadequate representation, no evidence or corroboration of guilt, slandering, malicious prosecution, and violations of his due process rights. Id., p. 6.

On May 21, 2019, the Court ordered Torres to file "an amended petition no later than June 13, 2019, which sets out each of his claims, including the factual and legal basis for his claims." Dkt. No. 5.

On June 3, 2019, Garcia Torres filed an amended petition, which laid out several claims, which the Court restates as follows: (1) he was entitled to a polygraph test, at State expense, because the results would have "forced the State to further investigate" the case against him; (2) he received ineffective assistance of counsel because his lawyer advised him to plead guilty, despite being innocent, and that his guilty plea may have had immigration consequences. Dkt. No. 10.

On July 16, 2019, the Court ordered the State to file the entire state record as well as a response to the amended petition. Dkt. No. 14.

On September 13, 2019, the State filed the state record. Dkt. No. 17.

On September 16, 2019, the State timely filed a response to the petition, arguing that Garcia Torres's petition was not timely filed and cannot be saved by equitable tolling. Dkt. No. 18.  Garcia Torres did not file a reply, but instead, on October 9, 2019, filed a notice of appeal, appealing the State's response to the Fifth Circuit. Dkt. No. 19.

On November 18, 2019, the Fifth Circuit dismissed the appeal for want of jurisdiction. Dkt. No. 22.

## II. Applicable Law

### A. Section 2254

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court:

> may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor,

529 U.S. 362, 405 (2000)). "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Simmons, at 534 (quoting Williams, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." Woodfox v. Cain, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, 562 U.S. at 102–03 (2011) (internal quotation marks omitted).

**B. Timeliness**

A petitioner has a one year "period of limitation" in which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

8 U.S.C. § 2244(d)(1)(A)-(D).

This one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2). It is not tolled, however, for untimely filed petitions. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Further, the limitations period is not jurisdictional and may be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010). For equitable tolling to excuse the late filing of a petition, the petitioner must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance" prevented timely filing. Id. at 649.

### III. Analysis

In analyzing the claims raised by Garcia Torres, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). In this case, even allowing for the latitude due a pro se, this petition is meritless and should be denied.

**A. Timeliness**

Garcia Torres had one year in which to file his § 2254 petition in this Court. As relevant here, Garcia Torres had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed earlier, Garcia Torres's conviction became final on April 20, 2016, when his period to file a direct appeal expired. TEX. R. APP. PROC. 26.2; Scott v. Johnson, 227 F.3d at 262. By the plain language of § 2244(d)(1)(A), Garcia Torres had until April 20, 2017, to file a habeas petition in Federal court. No petition was filed until May 20, 2019, over two years past the deadline.

5

The one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2).  Garcia Torres did not file his state habeas petition until January 29, 2019.  This petition did not toll the limitation period "because it was not filed until <u>after</u> the period of limitation had expired." <u>Scott</u>, 227 F.3d at 263(emphasis original).

Given that Garcia Torres's state petition did not toll the statute of limitations period, his petition is plainly filed late.  Thus, the question becomes whether any other action served to toll the limitations period.

To avail himself of equitable tolling, Garcia Torres must establish "extraordinary circumstances" that warrant the tolling of the limitations period. <u>Holland</u>, 530 U.S. at 649.  Garcia Torres bears the burden of establishing that equitable tolling is appropriate. <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000).

To merit equitable tolling, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." <u>In re Wilson</u>, 442 F.3d 872, 875 (5th Cir. 2006).  Garcia Torres asserts that he "discovered new evidences and new case laws" on November 21, 2018, and timely filed his petition after these discoveries. Dkt. No. 1, p. 9.

Garcia Torres does not specifically identify the new evidence or caselaw that he discovered and does not explain why access to that information was beyond his control.  As previously noted, Garcia Torres bears the burden of proving that he is entitled to equitable tolling. <u>Phillips</u>, 216 F.3d at 511.  "Tepid and conclusory" allegations are insufficient to show an entitlement to equitable tolling. <u>U.S. v. Riggs</u>, 314 F.3d 796, 800 (5th Cir. 2002).

There is no basis to conclude that equitable tolling is appropriate in this case and, despite his conclusory allegations, Garcia Torres has offered no evidence showing that tolling is appropriate.  Moreover, even if equitable tolling were appropriate, thereby rendering his claims timely, Garcia Torres would fare no better, because the claims, themselves, are unsupported.

**B. Polygraph**

Garcia Torres asserts that he was denied his right to a polygraph test provided by the State. This claim is legally meritless.

There is no constitutional right to a polygraph examination. Cummings v. Burton, No. 16-2250, 2017 WL 8220210, at *5 (6th Cir. Sept. 19, 2017) (citing U.S. v. Scheffer, 523 U.S. 303, 305 (1998)). Furthermore, the results of polygraph examinations are per se inadmissible under Texas law. Perkins v. State, 902 S.W.2d 88, 93 (Tex.App.-El Paso 1995, pet ref'd). In short, Garcia Torres has no constitutional right to seek out inadmissible evidence at government expense. This claim should be denied.

**C. Ineffective Assistance of Counsel**

Garcia Torres has made conclusory claims of ineffective assistance of counsel. These claims should also be denied.

Garcia Torres's amended complaint is not a model of clarity. The Court understands Garcia Torres to be claiming that his lawyer (1) conspired with the State to have him convicted, despite his innocence; (2) tricked him into pleading guilty; and (3) that his plea had immigration consequences. As to the last claim, Garcia Torres does not claim that his lawyer failed to inform him of the immigration consequences, just that the immigration authorities have been "illegally attempting to force the petitioner to sign away his rights to deportation." Dkt. No. 10, pp. 1-2.

The Court "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Garcia Torres has pointed to no evidence in the record which supports any of his claims of ineffective assistance of counsel. His claims are conclusory and unsupported by the record. "Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Accordingly, these claims are meritless and should be denied.

**IV. Recommendation**

It is recommended that Jesus Garcia Torres's petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, be denied as untimely filed.

7

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir. 2000)). The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Garcia Torres's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Garcia Torres's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the

record before adopting those findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on February 24, 2020

_____
Ronald G. Morgan
United States Magistrate Judge